**VOLKSWAGENWERK AKTIENGE-SELLSCHAFT, Appellant,**

v.

**Douglas D. CHURCH, doing business as Modern Specialist, Appellee.**

**No. 22071.**

United States Court of Appeals
Ninth Circuit.

July 1, 1969.

Marcus Mattson (argued) and Leslie C. Tupper, of Lawler, Felix & Hall, Los Angeles, Cal., Herzfeld & Rubin, New York City, for appellant.

Robert N. Cleaves (argued), Los Angeles, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and VON DER HEYDT, District Judge.*

DUNIWAY, Circuit Judge:

Within the time prescribed by Rule 39(c) of the Federal Rules of Appellate Procedure, appellee, the successful party on appeal, filed its memorandum of costs on May 15, 1969. On May 28, 1969, appellant filed exceptions to the cost bill. Thereafter an affidavit in opposition to the exception was filed by appellee and a reply affidavit was filed by appellant. The material portions of the cost bill are as follows:

"The following costs were incurred by appellee:

| | | |
|---|---|---|
| 1. | Transcription of record on appeal | $684.65 |
| 2. | Printing of briefs | 701.08 |
| 3. | Xerox copies of exhibits | 84.09 |
| | TOTAL | $1,469.82" |

Appellee claims that the exception to the cost bill was filed too late. Rule 14(a) of the Rules of this court, effective July 1, 1968, requires that objection be filed within 7 days after service and filing of the cost bill. Here the exception was filed 13 days after the cost bill was filed. Nevertheless, we have concluded that we should permit the filing of the exception and consider the questions presented on their merits. This is because our former Rule 25, paragraph 3, provided for filing of such an objection within 14 days. Appellant asserts that because this appeal was taken before our new rules became effective, it relied upon the old rule. We think that the new rule is applicable because the order which we made adopting our new rules states, in paragraph 2, that the new rules "shall govern in all such proceedings [in appeals, petitions for review or enforcement of orders, and original writs] then pending, except to the extent that in the opinion of the court of appeals their application to a particular proceeding then pending would not be feasible or would work an injustice, in which case the former procedure may be followed." We think that in this case

---

* Honorable James A. von der Heydt, United States District Judge, District of Alaska, sitting by designation.

we should apply the former 14-day provision in order to avoid injustice.

■ Appellant objects to each item of the costs claimed. The first is: "Transcription of record on appeal, $684.65." According to appellee's affidavit in opposition to exception to cost bill, this sum was paid to the official court reporter for one copy of the record on appeal. Normally, we would assume that this refers to the reporter's transcript of the proceedings in the case, rather than to copies of papers in the Clerk's file. However, there are portions of appellee's affidavit that indicate that this sum may include the cost of making copies of papers in the Clerk's file. Appellant asserts that the papers referred to are those which were included in the record upon a supplemental designation by appellee. Appellant also points out that most of those papers were memoranda of law, and that there is no reason why such papers should be included in the record on appeal, and *a fortiori*, no reason why appellant should be charged with the cost of reproducing them. We agree with the appellant that if the sum in question includes the cost of reproducing such papers, appellee should not be able to recover such costs from appellant. This is consistent with the general purpose of Rule 30 of the Federal Rules of Appellate Procedure and of Rule 4 of our own Rules to eliminate the unnecessary designation as part of the record of papers not needed for the purpose of presenting the appeal. However, we have no way of determining what portion, if any, of the sum claimed should be disallowed.

■ Rule 39(e) of the Federal Rules of Appellate Procedure provides: "Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, * * * shall be taxed in the district court. * * *" Our former Rule 25, paragraph 5, contains the same provision. We think that this item should be taxed in the district court, and that that court should allow only so much thereof as

represents the actual amount paid by appellee to the court reporter for a copy of the reporter's transcript on appeal and should not include the cost of duplicating the papers, other than pleadings, listed in appellee's supplemental designation of record. In our opinion, in an appeal not taken in forma pauperis, the cost of procuring a copy of the reporter's transcript for the use of counsel is a necessary cost within the meaning of Rule 39(e) of the Federal Rules of Appellate Procedure and was a necessary cost under former Rule 25, paragraph 3, of the Rules of this court. We therefore disallow this item as an item of costs to be taxed in this court, without prejudice to the right of appellee to make a proper showing before the district court.

■ The second item of costs claimed is: "Printing of briefs $701.08." Under our former Rule 25, paragraph 3, this was a proper item of costs. It is also a proper item of costs under Rule 39(c) of the Federal Rules of Appellate Procedure. Appellant, however, points out that neither of these rules was in effect at the time that this appeal was taken. At that time, our rule provided that the cost of briefs was not recoverable. We think, however, that under the order of this court which we have quoted above, and under paragraph 2 of the order of the Supreme Court promulgating the Federal Rules of Appellate Procedure, the present rule allowing recovery of the cost of briefs should be applied here. We do not think that this will work an injustice to appellant. Appellant does not suggest that it took its appeal in reliance on our former rule that denied such costs. We modified our former Rule 25 for the purpose of allowing such costs, effective September 1, 1967, because we thought that our former rule worked an injustice. Accordingly the item claimed for printing of briefs is allowed in full.

■ The third item claimed is "Xerox copies of exhibits $84.09." Rule 4(g) of the present rules of this court provides that copies of exhibits need not

be supplied unless specifically ordered by the Court of Appeals. There has been no such order in this case. This item is disallowed.

It is ordered that the Clerk shall insert in the mandate of this court, pursuant to Rule 39(d), F.R.App.P., costs to appellee for printing of briefs in the sum of $701.08.