**WATERMAN STEAMSHIP CORPORA-TION, Appellant,**

v.

**GAY COTTONS et al., Appellees.**

**No. 21767.**

United States Court of Appeals
Ninth Circuit.

Nov. 6, 1969.

See also, 9 Cir., 414 F.2d 724.

☞126

Don A. Proudfott, Jr. (argued), and Leo J. Vander Lans (argued), of Graham & James, Long Beach, Cal., for appellant.

Philip K. Verleger (argued), and Jack D. Fudge, of McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for appellee, Gay Cottons, Inc.

John F. Meadows, San Francisco, Cal., Edwin L. Weisl, Jr., Asst. Atty. Gen., Washington, D. C., Bigham, Englar, Jones & Houston, New York City, Fletcher & Rauch, Los Angeles, Cal., for appellees.

Before JERTBERG and DUNIWAY, Circuit Judges, and TAYLOR*, District Judge.

DUNIWAY, Circuit Judge:

Appellees, the successful parties on appeal, have timely filed the following cost bill pursuant to Rule 39(c), F.R.App.P.

| | | |
|---|---|---|
| 1. | Fee of Clerk for copy of record on appeal | $ 25.56 |
| 2. | Cost of reporter's transcript | 543.40 |
| 3. | Cost of printing brief for appellees | 596.26 |
| 4. | Proctor's docket fee. 28 U.S.C. §§ 1920(5), 1923 | 100.00 |
| | Total | $1,265.21 |

Item 2 is taxable in the district court. Rule 39(e), F.R.App.P.; Volkswagenwerk Aktiengesellschaft v. Church, 9 Cir., 1969, 413 F.2d 1126.

Appellant attacks item 3, relying on 28 U.S.C. § 1923(c), which limits to $75.00 the costs allowable for printing briefs in an admiralty appeal where the amount involved exceeds $5,000. However, we think that this limitation was wiped out by Rule 39(c), F.R.App.P. The civil and admiralty rules have been consolidated, and the distinction between civil actions and suits in admiralty has been abolished. Rule 1, F.R.Civ.P. and the Note of the Advisory Committee to that rule, 28 U.S.C.A. The Rules of Appellate Procedure govern all appeals to this court from the district court, and 28 U.S.C. § 2072 provides that "All laws in conflict with such rules shall be of no further force or effect * * *." Item 3 is proper.

Item 4 is no longer allowable. 28 U.S.C. § 1923(a) provides for allowing as costs a proctor's docket fee "in ad-

---

* Honorable Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation.

miralty appeals." See also 28 U.S.C. § 1920(5). Rule 12, F.R.App.P. provides for "the docket fee fixed by the Judicial Conference of the United States pursuant to 28 U.S.C. § 1913." That section provides "The fees and costs to be charged and collected in each court of appeals shall be prescribed from time to time by the Judicial Conference of the United States." The Judicial Conference has fixed a uniform docket fee of $25.00. It has further provided that "No other fees for services other than those above prescribed shall be charged or collected. * * *" (See 28 U.S.C.A. § 1913, Note.) Since the adoption of the Federal Rules of Appellate Procedure, there is no provision for collecting the proctor's docket fee in admiralty appeals. We think that 28 U.S.C. §§ 1923(a) and 1920(5), as they relate to fees on appeal, are no longer of any force or effect by reason of 28 U.S.C. § 2072.

■ The appeal in this case was docketed before July 1, 1968, the effective date of the Rules of Appellate Procedure. In *Volkswagenwerk, supra,* we held that it would not work an injustice to apply the new rules in such a case so as to allow the costs of printing briefs. We thought that it was the old rule, denying such costs, that worked an injustice. On the other hand, we think that it would work an injustice to deny the proctor's docket fee in this case. Appellees were required to pay it when the appeal was taken, and it was then taxable. There is nothing unjust in allowing appellees to recover it here. It does not follow, as appellant argues, that appellees should not recover it because they can now also recover the cost of printing briefs. They paid both.

It is ordered that the Clerk insert in the mandate of this court, pursuant to Rule 39(d), F.R.App.P. items 1, 3 and 4 listed above. Item 2 is disallowed without prejudice to the right of appellees to make a proper showing before the district court.