David Radford MURPHY, Appellant,

v.

L & J PRESS CORPORATION,
Appellee.

No. 77–1924.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1978.

Decided May 16, 1978.

Rehearing and Rehearing En Banc
Denied June 16, 1978.

Vincent M. Igoe, St. Louis, Mo., and Ray E. White, Jr., Clayton, Mo., on brief for appellant.

James J. Amelung and Stephen D. Hoyne, St. Louis, Mo., on brief for appellee.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and MacLAUGHLIN, District Judge.[*]

HEANEY, Circuit Judge.

This appeal involves a dispute as to the proper taxation of appellate costs in the District Court. F.R.A.P. 39(e).[1] The principal item in dispute is the cost of preparing the trial transcript.

I

The story begins with this Court's opinion in *Murphy v. L & J Press Corp.*, 558 F.2d 407 (8th Cir. 1977), *cert. denied*, 434 U.S. 1025, 98 S.Ct. 751, 54 L.Ed.2d 772 (1978). That opinion reversed a jury verdict for the appellee and remanded for a new trial. After issuance of the opinion, both the appellee and the appellant learned that a transcript of the lengthy trial court proceedings had never been filed in the Court of Appeals. The appellee subsequently moved for withdrawal of the opinion or alternative relief on the theory that a record of the trial proceedings was relevant to the disposition of the appeal. The appellee's motion was denied. Both parties possessed copies of the transcript and their briefs made ex-

tensive reference to those portions of the transcript deemed helpful. Thus, this Court was apprized of the lower court proceedings although in a less than optimum manner.

The circumstances surrounding the failure to file the transcript are somewhat unclear. Upon conclusion of the trial, the appellant ordered a transcript of virtually the entire proceedings from the court reporter, Olive Poole. A $1,500 "deposit" was made, which the appellant alleges was Poole's estimate of the total cost. The final cost was $1,873 and, thus, the appellant owed Poole $373. Poole alleges, by affidavit, that when delivering a copy of the transcript to the appellant, she informed the appellant that a balance was owed; and that thereafter, she contacted the appellant "at least twice" to remind the appellant of the balance. Contrary to Poole's assertions, the appellant maintains that he was not alerted to any deficiency in payment, and that he assumed all was well. In any event, Poole was intent on keeping the transcript until her entire fee was paid. Since the entire fee was not paid as the case proceeded through the Court of Appeals, the transcript was never filed.

The appellate costs taxed by this Court under F.R.A.P 39(c)[2] were specified in an order filed August 16, 1977. Following the issuance of our mandate, the District Court denied all appellate costs taxable in the District Court under F.R.A.P. 39(e). Recovery of the cost of the transcript was disallowed on the ground that the

record * * * indicates that the court reporter was not paid for the cost of the

---

[*] The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota, sitting by designation.

1. F.R.A.P. 39(e) provides:

*Costs on Appeal Taxable in the District Courts.* Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal shall be taxed in the district court as costs of the

appeal in favor of the party entitled to costs under this rule.

2. F.R.A.P. 39(c) provides:

*Costs of Briefs, Appendices, and Copies of Records.* The cost of printing or otherwise producing necessary copies of briefs, appendices, or copies of records * * * shall be taxable in the court of appeals * * *. A party who desires such costs to be taxed shall state them in an itemized and verified bill of costs which he shall file with the clerk, with proof of service, within 14 days after the entry of judgment.

transcript at any time prior to the decision of the Court of Appeals. Said decision was rendered without benefit of a transcript. Thus, this Court is unable to conclude that the fees of the court reporter were for the transcript "necessarily obtained for use in the case."

Alternatively, the District Court denied the cost of the transcript on the ground that the appellant's bill of costs was untimely under Local Rule 10(c).[3]

## II

■ At the outset, we note our view that Local Rule 10 cannot control the resolution of this case. By its terms, the Rule requires the filing of a bill of costs within ten days "after entry of a final judgment or decree." Read literally, this language could not be applicable to the taxation of appellate costs in the district court since district court proceedings after an appellate judgment must await issuance of the mandate, *see Reserve Mining Co. v. E.P.A.,* 514 F.2d 492, 541 (8th Cir. 1975), which normally follows the appellate judgment of twenty-one days. F.R.A.P. 41(a).[4] Of course, a court is the best judge of its own rules, *United States Fidelity and Guaranty Co. v. Lawrenson,* 334 F.2d 464, 467 (4th Cir.), *cert. denied,* 379 U.S. 869, 85 S.Ct. 141, 13 L.Ed.2d 71 (1964), and the District Court's implicit construction of "final judgment or decree" to mean, in an appellate context, the issuance of mandate is not palpably unreasonable. However, even if we were to approve this rather strained construction, apparently not previously announced in any case decision, equitable concerns would lead us to the conclusion that the construction should be applied prospectively only and not to the litigants at bar.

Turning now to the merits of the dispute, we note that F.R.A.P. 39 "follows the principle of Rule 54(b) of the Rules of Civil Procedure that the prevailing party is entitled to costs as a matter of course unless the court orders otherwise." 9 Moore's Federal Practice ¶ 239.02[1] at 4304 (1975). The cost of the transcript should not be borne by a prevailing party "if necessary for the determination of the appeal." F.R. A.P. 39(e).

■ In this case, there is little doubt that a transcript was advisable for the appeal, and that the parties properly agreed that one should be prepared. The fact that the transcript was never filed with the Court should not in and of itself bar recovery for its costs; otherwise the successful appellant is necessarily made to account for a properly undertaken cost.

■ The relevant circumstances in a case such as this are those bearing on the fault for the failure to file the transcript. Some of the fault undoubtedly lies with the appellant: F.R.A.P. 10(b) places on the party ordering the transcript the duty to "make satisfactory arrangements with the reporter for payment[.]"; F.R.A.P. 11 requires the appellant to take those actions "necessary to enable the clerk to assemble and transmit the record." The appellant did not adequately pursue this rule-imposed monitoring duty.

The major responsibility for the failure to file the transcript, however, lies with the court reporter. Upon the request of "any party * * * who has *agreed* to pay the fee therefor * * * the reporter shall promptly transcribe the original records * * *. The reporter shall promptly deliver to the clerk for the records of the court a certified copy of any transcript so made."

---

**3.** Local Rule 10(c) provides in relevant part:

Within ten days after entry of a final judgment or decree, the party recovering costs shall file in the office of the Clerk of this court a verified bill of costs upon forms provided by the Clerk, which shall contain proof of mailing to the adverse party. Specific objections to items therein contained shall be filed within ten days from date of mailing.

**4.** Thus, Professor Moore observed that "[u]nder subdivision (e) of Rule 39, costs of appeal incurred in the district court are taxable by that court *after receipt of the mandate.*" 9 Moore's Federal Practice ¶ 239.02[7] (1977–78 Supp.) (emphasis added). A clearly drawn local rule governing the timeliness of a F.R.A.P. 39(e) motion would ordinarily make specific reference to issuance of the appellate mandate. *See* Iowa District Court Rule 25(A)(3).

28 U.S.C. § 753(b) (emphasis added). In the instant case, the appellant had agreed to pay the fee and, in fact, had prepaid the reporter's estimated fee. *See* 28 U.S.C. § 753(f). The transcript should have been promptly filed when completed. The $373 difference between the estimated cost and the actual cost provided no justification for holding the appellate process hostage.

The cost of the transcript was a cost properly undertaken. Ordinarily, such properly undertaken costs are wholly taxed in favor of the prevailing party. In view of the previously described derelictions by the appellant, however, we do not believe it is equitable to visit the entire cost of the transcript upon the appellee. Under our supervisory power, we direct that the appellee bear only one-half of the transcript fee.

In addition to the costs previously mandated by this Court under F.R.A.P. 39(c), the District Court is ordered to tax against the appellee $936.50, one-half of the cost of the transcript.[5]

---

5. The appellant also disputes the District Court's disallowance of $20 as "appeal bond" costs. The appellant produced no evidence documenting this cost, and we do not disturb the District Court's ruling.