**Linda M. Liberi TONER, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 79–2033.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Aug. 4, 1980.

Decided Sept. 3, 1980.

Mary Ann Hagan, Philadelphia, Pa., Marcus Schoenfeld, Villanova, Pa., Robert Destro, Milwaukee, Wis., for appellant.

M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, William A. Friedlander, Gilbert S. Rothenberg, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

* Honorable Norma L. Shapiro, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Before SEITZ, Chief Judge, ROSENN, Circuit Judge, and SHAPIRO, District Judge.*

## OPINION OF THE COURT

SEITZ, Chief Judge.

This is a motion by the appellant, Linda M. Liberi Toner, for attorneys' fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1976).

### I.

In 1973, the appellant claimed a deduction of $906.28 for her 1973 educational expenses. Based on a disallowance of this deduction, the Internal Revenue Service sent her a deficiency notice. She elected not to pay the tax and seek a refund. Instead, she petitioned the Tax Court to contest the deficiency. The full Tax Court found against the appellant. *See Toner v. Commissioner*, 71 T.C. 772 (1979). We reversed the decision of the Tax Court and entered judgment for the appellant. *See Toner v. Commissioner*, 623 F.2d 315 (1980). The appellant then moved for attorneys' fees pursuant to 42 U.S.C. § 1988 (1976). The government filed a memorandum in opposition to appellant's motion for attorneys' fees.

### II.

Section 1988 permits a court, in its discretion, to award attorneys' fees to a prevailing taxpayer, "in any civil action or proceeding, by or on behalf of the United States . . ., to enforce, or charging a violation of, a provision of the United States Internal Revenue Code." 42 U.S.C. § 1988 (1976). Although the appellant in the present case initiated the petition in the Tax Court, she offers two arguments for characterizing this case as an action brought "by or on behalf of the United States" within the meaning of the statute, which we will now address.

### A.

The appellant first argues that the phrase "civil action or proceeding" in sec-

tion 1988 was intended to encompass administrative proceedings. According to this argument, the government initiated a civil action or proceeding within the meaning of section 1988 when it sent her a deficiency notice. Neither the language of the Act, however, nor its legislative history contemplates such a broad definition of "civil action or proceeding." Awards of attorneys' fees against the United States are prohibited by 28 U.S.C. § 2412 (1976) absent specific statutory authorization. We therefore will not imply that attorneys' fees can be assessed against the government, but must find express statutory authorization. *See Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 266–68 (1975). The language of section 1988 does not expressly provide for attorneys' fees when the government initiates an administrative proceeding.

The dominant weight of the legislative history, as expressed in the congressional debates, also supports the conclusion that Congress considered "civil action or proceeding" to mean some form of judicial proceeding as opposed to an administrative action such as the issuance of a deficiency letter. In introducing the amendment to section 1988 that would allow attorneys' fees against the government in certain tax cases (the Allen amendment), Senator Allen explained the effect of the amendment:

> What it does is to add to the civil rights attorneys' fees provision a provision that if the Internal Revenue Service or the U.S. Government *brings a civil action against a taxpayer* to enforce any provision of the Internal Revenue Code, and the Government does not prevail against the taxpayer, *then the court,* in its discretion, just as in other cases, would be entitled to award the taxpayer reasonable attorneys' fees. That is all it does, and I hope the amendment will be agreed to.

122 Cong.Rec. 33,311 (1976) (remarks of Sen. Allen) (emphasis added). Senator Kennedy, in urging passage of the Act remarked that under the Allen amendment:

> [A] court would be authorized to award attorneys' fees *to a taxpayer who is a defendant in a civil action brought by the U.S. Government* to enforce the provisions of the Internal Revenue Code. The usual standard applied in cases where fees are awarded to prevailing defendants would apply here as well—that is, *awards are appropriate where the action initiated by the plaintiff, the Government,* acted in a frivolous or vexatious manner or brought the suit for purposes of harassment.

*Id.* at 33,312–13 (remarks of Sen. Kennedy) (emphasis added). Representative Drinan, who sponsored the amendment in the House, evidenced a similar understanding:

> The Allen amendment would allow the prevailing party to recover its counsel fees *in any civil action brought by the United States* to enforce the Internal Revenue Code. *It would not apply to actions instituted against the Government by the taxpayer.* Since [the amendment] does not allow the U.S. Government to recover its fees under any circumstances, the effect of the Allen amendment is *to permit prevailing defendants in such cases to recover their attorney fees* if they satisfy the criteria generally applicable under the bill to prevailing defendants. . . .

*Id.* at 35,122 (remarks of Rep. Drinan) (emphasis added).

The only reference to an administrative proceeding that the appellant has brought to our attention is a remark by Senator Allen several months after the Act was signed into law:

> I inserted the word "proceeding" in my new amendment specifically to include administrative proceedings or audits so that fees and costs in connection with audits or other I.R.S. agency proceedings could be awarded by a court on application of a prevailing taxpayer. I also included the term "proceeding" so that it would be clear that in any case involving a disputed tax, the court would be free to award attorney fees so long as the taxpayer prevailed and the court felt that a fee award was appropriate considering all factors in the case and notwithstanding the formalistic characterization of the

taxpayer as plaintiff or defendant or as appellant and appellee.

123 Cong.Rec. 1281–82 (1977) (remarks of Sen. Allen). Because these remarks were made after the Act was passed, we must be cautious in relying on them as an expression of congressional intent. *See, e. g., Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 758, 99 S.Ct. 2066, 2068, 60 L.Ed.2d 609 (1979); *International Union of Electrical, Radio & Machine Workers v. Westinghouse Electric Corp.,* 631 F.2d 1094 (3d Cir. 1980). Although this statement directly supports the appellant's contentions, we do not find it to be convincing evidence of congressional intent to include such administrative proceedings within the ambit of section 1988 when it was enacted. Not only was this statement made after the Act was passed, it also differs from Senator Allen's earlier explanation of the amendment on which those Congressmen who approved the amendment relied. We agree with those courts that have rejected this passage as persuasive evidence of congressional intent. *See, e. g., Patzkowski v. United States,* 576 F.2d 134, 136 n. 2 (8th Cir. 1978); *Aparacor, Inc. v. United States,* 571 F.2d 552, 556–57 (Ct.Cl.1978) (en banc).

Moreover, acceptance of appellant's contention would mean that each time the government takes administrative action, such as initiating an audit or sending a deficiency letter, it will inevitably be the "initiator" of an action within the meaning of section 1988, and thus subject to an attorneys' fees claim should the taxpayer ultimately prevail. We conclude that if Congress had intended to expose the government to the claims of prevailing taxpayers for attorneys' fees in practically every case where the government disputes the amount of tax liability, it would have done so explicitly.

We do not retreat from this conclusion because of the argument that unless administrative proceedings are included within

the phrase "civil action or proceeding," the word proceeding is effectively eliminated from the statute. On the contrary, when, for example, the Secretary applies to a district court judge under section 7604 of the Internal Revenue Code to enforce a summons, he could be said to be initiating a judicial proceeding as opposed to a civil action. Therefore, the word proceeding has a meaning independent of "civil action" without requiring that we expand the statute to encompass administrative proceedings. Nor do we find the Supreme Court's opinion in *New York Gaslight Club, Inc. v. Carey,* —— U.S. ——, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980) controlling in this case. *New York Gaslight Club* concerned section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k) (1976), a statute with a different legislative purpose and history. It also did not involve an attempt to recover attorneys' fees from the United States government.

We therefore agree with the other courts that have considered this question and conclude that the phrase "civil action or proceeding" includes only judicial proceedings and not administrative actions. *See, e. g., Kipperman v. Commissioner,* 622 F.2d 431 (9th Cir. 1980); *Key Buick Co. v. Commissioner,* 613 F.2d 1306 (5th Cir. 1980).

B.

The appellant also argues that, even if administrative proceedings such as the issuance of a deficiency notice are not within the meaning of the phrase "civil action or proceeding" in section 1988, she nevertheless is entitled to claim attorneys' fees despite her status as plaintiff because the unique defensive nature of tax litigation makes the status of the taxpayer as plaintiff or defendant irrelevant. According to this argument, the taxpayer is always defending against the government in tax litigation even though he or she generally must initiate the judicial proceeding.[1] Be-

1. When the government sends a deficiency notice, the taxpayer may either pay the disputed amount and file for a refund in a district court or the Court of Claims, or elect not to pay the tax and petition the Tax Court to contest the deficiency. In each of these judicial proceedings, the taxpayer is the plaintiff or moving party. These suits comprise the vast majority of tax litigation.

cause the taxpayer is rarely the defendant in a judicial proceeding, the appellant argues that requiring the United States to be the named plaintiff renders the statute virtually meaningless.

We recognize that there are few cases in which the United States is the plaintiff, but we conclude that the language of the statute, as well as its legislative history, reflects that Congress only authorized attorneys' fees against the government in these limited situations. We refuse to ignore the common meaning of "by or on behalf of" on the assumption that Congress misunderstood the nature of tax litigation when it passed this Act. Nothing in the debates surrounding the passage of the Allen amendment indicates that Congress intended to allow attorneys' fees in cases other than those in which the United States was the plaintiff. In fact, the legislators referred to the status of the United States as plaintiff when enumerating those situations in which an award of attorneys' fees would be appropriate. *See, e. g.,* 122 Cong.Rec. 33,312 (1976) (remarks of Sen. Tunney); *id.* at 33,312–13 (remarks of Sen. Kennedy); *id.* at 35,122 (remarks of Rep. Drinan). *But see* 123 Cong.Rec. 1281–82 (1977) (remarks of Sen. Allen after the Act had been passed).

Although we sympathize with the appellant's contention that this reading of the statute will result in very few attorneys' fees awards to prevailing taxpayers, we note that her argument proves too much. If we were to hold that the nature of tax litigation renders the status of the taxpayer as plaintiff or defendant irrelevant, the government would be subject to an attorneys' fees claim every time a taxpayer prevailed in a dispute with the government over the amount of taxes due. We cannot reach such a result without a firm indication of congressional intent.[2] Virtually all other courts that have considered this question have held that the United States must

be the named plaintiff in order for the taxpayer to claim attorneys' fees. *See, e. g., Kipperman v. Commissioner, supra; Patzkowski v. United States, supra.* But *see Levno v. United States,* 440 F.Supp. 8 (D.Mont.1977) (basis of finding not explained).

### III.

Because this was not a judicial proceeding initiated by the United States, the plaintiff's motion for attorneys' fees will be denied. Given our disposition of these issues, we need not reach the question whether the taxpayer must show bad faith in order to recover attorneys' fees.

---

2. We note that S. 1444, a bill currently pending in Congress, would allow a taxpayer to recover attorneys' fees regardless of his status as plain-

tiff or defendant when the government acts "unreasonably."