LINDA M. LIBERI TONER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 555–76.      Filed February 4, 1981.

*Marcus Schoenfeld* and *Joseph Hitselberger*, for the petitioner.
*Richard Goldman*, for the respondent.

## OPINION

SIMPSON, *Judge*: This case is presently before the Court on the petitioner's amended motion for costs pursuant to rule 39, Federal Rules of Appellate Procedure.[1] In *Toner v. Commissioner*, 71 T.C. 772 (1979), we sustained the Commissioner's disallow-

---

[1] All references to a rule are to the Federal Rules of Appellate Procedure, unless otherwise indicated.

ance of a deduction for educational expenses. The petitioner appealed such decision to the Court of Appeals for the Third Circuit, and that court reversed our decision. See *Toner v. Commissioner*, 623 F.2d 315 (3d Cir. 1980).

After the Third Circuit's opinion was issued, the petitioner moved such court for the allowance of costs in accordance with rule 39(a), (b), and (c), which provides in relevant part:

(a) To Whom Allowed. Except as otherwise provided by law, * * * if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered * * *

(b) Costs for and Against the United States. In cases involving the United States or an agency or officer thereof, if an award of costs against the United States is authorized by law, costs shall be awarded in accordance with the provisions of subdivision (a); otherwise, costs shall not be awarded for or against the United States.

(c) Costs of Briefs, Appendices, and Copies of Records. Unless otherwise provided by local rule, the cost of printing, or otherwise producing necessary copies of briefs, appendices, and copies of records authorized by Rule 30(f) shall be taxable in the court of appeals at rates not higher than those generally charged for such work in the area where the clerk's office is located.

The Third Circuit taxed the following costs of the appeal against the Commissioner:

| | |
|---|---|
| Clerk of Third Circuit, fee for filing of appeal | $50.00 |
| Printing of brief and reply brief | 161.14 |
| Printing of appendix to brief | 537.43 |
| | 748.57 |

However, the Third Circuit denied the petitioner's request for the costs of perfecting the appeal and for attorney's fees. See *Toner v. Commissioner*, 629 F.2d 899 (3d Cir. 1980), cert. applied for Dec. 2, 1980.

By her motion in this Court, the petitioner now seeks additional costs under rule 39(e), which provides:

(e) Costs on Appeal Taxable in the District Courts. Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, *if necessary for the determination of the appeal,* the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal shall be taxed in the district court as costs of the appeal in favor of the party *entitled to costs under this rule.* [Emphasis added.]

She requests reimbursement of:

| | |
|---|---|
| Tax Court fee for photocopying docket entries | $2.00 |
| Tax Court fee for forwarding record to Third Circuit | 2.48 |
| Reporter's fee for trial transcript | 165.64 |
| | 170.12 |

Such costs are the costs of perfecting the appeal which were disallowed by the Third Circuit. The Commissioner has agreed to reimburse the petitioner for the cost of photocopying the docket entries and for the fee for forwarding the record to the Third Circuit.[2] Thus, the sole issue for decision is whether the cost of the trial transcript is properly taxable against the Commissioner.

Rule 39 provides both general and specific rules for the award of costs. Subdivision (a) reflects the general principle that a successful appellant is entitled to costs. Subdivisions (c) and (e) delineate in which court costs shall be awarded. The costs awarded by an Appellate Court are the costs incurred after the appeal has been perfected and include the costs of printing the briefs, appendixes, and copies of records authorized by rule 30(f). See rule 30(c). The costs of perfecting the appeal, including the cost of the trial transcript "if necessary for the determination of the appeal," are taxable in the District Court after such court's receipt of the mandate from the Appellate Court. See rule 39(e); *Murphy v. L. & J. Press Corp.*, 577 F.2d 27, 29 (8th Cir. 1978); *Guse v. J. C. Penny Co.*, 570 F.2d 679, 681–682 (7th Cir. 1978); *Hodge v. Hodge*, 507 F.2d 87, 93 (3d Cir. 1975); *Waterman Steamship Corp. v. Gay Cottons*, 419 F.2d 372, 373 (9th Cir. 1969); *Volkswagenwerk Aktiengesellschaft v. Church*, 413 F.2d 1126, 1128 (9th Cir. 1969). Generally, the Federal Rules of Appellate

---

[2]Under rule 39(b), costs cannot be awarded against the United States unless authorized by law. The parties assume that 28 U.S.C. sec. 1920 provides the statutory authorization for awarding costs against the United States in this case. However, that section applies only to "A judge or clerk of any court of the United States," and in *Sharon v. Commissioner*, 66 T.C. 515, 533–534 (1976), affd. per curiam on other grounds 591 F.2d 1273, 1275 (9th Cir. 1978), cert. denied 442 U.S. 941 (1979), we held that the U.S. Tax Court is not such a court and that such sec. 1920 does not apply to this Court for the purpose of allowing the cost of filing a petition herein. Thus, there is a question as to whether the Federal Rules of Appellate Procedure can or have authorized the Tax Court to tax the costs of perfecting an appeal against the Commissioner; yet, the Commissioner has not taken the position that there is no authority for assessing any costs against him, and we express no opinion on that question in this case.

Procedure, including rule 39, are applicable to the Tax Court as if it were a District Court of the United States.[3] Hence, the allowance of the costs for the trial transcript turns on whether the transcript was necessary for the determination of the appeal within the meaning of rule 39(e).

The issue presented in this case is a novel one before this Court. In no previous case have we granted a petitioner who prevailed on appeal the cost of the trial transcript; nor has such cost ever been sought. The petitioner cites us to a note in [1980] 9 Stand. Fed. Tax Rep. (CCH) par. 5876A.025 (*King v. Commissioner*, docket Nos. 4084–68 through 4097–68, order dated Oct. 10, 1972), wherein it is reported that we allowed a petitioner who prevailed on appeal the cost of a supersedeas bond pursuant to rule 39(e). However, in that case, the Commissioner had conceded the issue. Thus, we write on a clean slate.

The petitioner asserts that the deductibility of her educational expenses turned on whether her education enabled her to meet the minimum educational requirements of her trade or business. Consequently, she argues that there was a question of fact to be reviewed by the Third Circuit and that therefore it was necessary for her to purchase a copy of the trial transcript to be included in the record on appeal. She also contends that for the convenience of the members of the Appellate Court, she included a copy of the transcript in the appendix attached to her brief and that it was necessary for her to purchase a copy of the trial transcript in order to have it reproduced for such purposes.

Generally, when an appeal is taken from a decision of a District Court, the appellant has the obligation to order and pay for all or such portions of the trial transcript as he deems necessary to present the issues on appeal and to take such action as is necessary to enable the Clerk of the District Court to assemble and transmit the record to the Clerk of the Appellate Court. Rules 10(a) and (b), 11(a) and (b). Rule 13(d) provides that the provisions of rules 10 and 11 respecting the record on appeal and the time and manner of transmitting such record to the Appellate Court, including the transmission of the trial transcript, shall govern in cases on appeal from the Tax Court.

---

[3] Rule 14. Applicability of Other Rules to Review of Decisions of the Tax Court

All provisions of these rules are applicable to review of a decision of the Tax Court, except that Rules 4–9, Rules 15–20, and Rules 22 and 23 are not applicable.

However, the Clerk of the Tax Court follows the practice of transmitting the entire record, including the Court's copy of the trial transcript, to the Clerk of the Appellate Court. The only charges imposed by the Tax Court are for photocopying and certifying the docket entries (see rule 10(a)) and for postage and insurance in forwarding the record to the Appellate Court. The cost of the trial transcript acquired for the use of the Tax Court is paid by the Court and is not assessed against the parties. Thus, since the Tax Court incurs no additional expense in securing a copy of the trial transcript for the purposes of an appeal, the appellant is not charged for the cost of such transcript.

There is no question but that the Third Circuit needed a copy of the trial transcript in order to adjudicate the appeal in this case. Had the case originated in a District Court, the appellant would have been required to pay for such transcript, and we are confident that rule 39(e) was written to allow such a cost. When the appellant must purchase a copy of the trial transcript for the use of the Appellate Court, the transcript is then "necessary for the determination of the appeal," and the cost thereof is allowable. However, in this case, the transcript necessary for the determination of the appeal was furnished to the Appellate Court without charge to the appellant. Accordingly, she incurred no cost for such transcript which is allowable under rule 39(e).

In addition, we find the use of the trial transcript purchased by the petitioner to be too attenuated to the determination of the appeal to be properly taxable against the Commissioner. The burden of establishing that the incurrence of any particular expense was necessary for the determination of the appeal is on the party seeking to have such expense taxed to the other party. *Harrisburg Coalition Against Ruining the Environment v. Volpe*, 65 F.R.D. 608, 611 (M.D. Pa. 1974); see also Rule 142(a), Tax Court Rules of Practice and Procedure. Rule 30 and Third Circuit rule 10 did not require that the petitioner include a copy of the trial transcript in the appendix. The petitioner, in good faith, may have believed it desirable to do so. However, such use of the transcript was fortuitous. When the transcript was purchased by the petitioner, she was faced with the necessity of preparing her brief in the Tax Court, and it is clear that the transcript was purchased primarily for such purpose. At that time, she had no way of knowing the outcome of the case in the Tax Court, nor any way of knowing there would be an appeal of

the case. It happened that she lost in the Tax Court and appealed to the Court of Appeals, but when the transcript was purchased, she could not anticipate that it would be used in connection with an appeal. Under such circumstances, we are convinced that the cost of the trial transcript cannot be found to be "necessary for the determination of the appeal."

*An appropriate order will be issued.*