JESS A. RODRIGUES and JERALYN RODRIGUES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rodrigues v. Commissioner
Docket No. 2001-76.
United States Tax Court
T.C. Memo 1982-324; 1982 Tax Ct. Memo LEXIS 424; 44 T.C.M. (CCH) 90; T.C.M. (RIA) 82324; June 9, 1982. *424 Andrew L. Faber, for the petitioners. Eugene H. Ciranni, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case is presently before the Court on petitioners' Motion to Tax Costs on Appeal. This case arises out of petitioners' appeal of a decision entered on December 4, 1979, wherein, pursuant to the opinion of this Court filed on July 25, 1979, sub nom. Cristina v. Commissioner,T.C. Memo. 1979-280, we determined a deficiency of $ 13,091 in petitioners' Federal income tax for 1971. Having found sufficient evidence of this Court's determination that a net operating loss occurred in 1974, the Ninth Circuit Court of Appeals remanded to this Court for either a Rule 155, Tax Court Rules of Practice and Procedure, computation or a reopening of the record for the taking of further testimony on the amount of 1974 net operating loss carryback applicable to the 1971 tax year. Pursuant to the mandate of the Court of Appeals and agreement of the parties, this Court entered a decision on April 20, 1982, that no deficiency in income tax was due from petitioners for the taxable year 1971. By filing their motion herein, petitioners seek *425 an award of $ 311.75 from this Court for the cost of securing a letter of credit to stay collection of the tax as originally determined by this Court and an award of $ 208.65 for the reporter's fee for the trial transcript. The issue is whether this Court has authority to award such costs. Petitioners' argument is based on rule 39, Federal Rules of Appellate Procedure. [1]Rule 39(a) provides the general rule that a successful appellant is entitled to costs unless otherwise ordered. Certain costs are taxable in the Appellate Court, rule 39(c), and certain other costs are taxable in the District Court after receipt of the mandate from the Appellate Court, rule 39(e). Specifically, petitioners contend rule 39(e), which is made applicable to the Tax Court, [2] entitles them to an award for the cost of the letter of credit, which is in the nature of a bond to preserve rights pending appeal, and for the cost of the trial transcript. Respondent contends that before rule 39 can be applied to award costs against the government, there must be independent statutory authority allowing such costs, and no such authority exists herein. We find for respondent. *426 *427 Contrary to petitioners' statement of the law, it is not well-settled that this Court has authority to award costs on appeal. [3] In fact, this Court has no authority to award costs. McQuiston v. Commissioner, 78 T.C.     (May 13, 1982). [4] Accordingly, petitioners are not allowed an award for the claimed costs, [5] and *428 An appropriate order will be entered.
Footnotes
1. All rule references are to the Federal Rules of Appellate Procedure. Rule 39 provides in pertinent part: (a) To Whom Allowed. Except as otherwise provided by law, * * * if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered * * * (b) Costs for and Against the United States. In cases involving the United States or an agency or officer thereof, if an award of costs against the United States is authorized by law, costs shall be awarded in accordance with the provisions of subdivision (a); otherwise, costs shall not be awarded for or against the United States. (c) Costs of Briefs, Appendices, and Copies of Records. Unless otherwise provided by local rule, the cost of printing, or otherwise producing necessary copies of briefs, appendices, and copies of records authorized by Rule 30(f) shall be taxable in the court of appeals * * * (e) Costs of Appeal Taxable in the District Courts. Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal shall be taxed in the district court * * *. ↩
2. Rule 14. Applicability of other Rules to Review of Decisions of the Tax Court. All provisions of these rules are applicable to review of a decision of the Tax Court, except Rules 4-9, Rules 15-20, and Rules 22 and 23 are not applicable.↩
3. Petitioner is also under the erroneous impression that rule 39 allows costs notwithstanding a lack of independent authority to award such costs. Under rule 39(b)↩, costs cannot be awarded against the United States unless otherwise authorized by law. 4. Legislation allowing an award of costs and attorneys' fees in the Tax Court is pending. See McQuiston v. Commissioner,↩ 78 T.C.    , Note 8 (May 13, 1982). 5. Moreover, the cost of the trial transcript, $ 208.65, is not allowable in any event. Since the appellant is not charged for the cost of the Tax Court trial transcript which is forwarded to the appellate court by the Tax Court, the cost of the appellant's own copy of the trial transcript is not "necessary for the determination of the appeal." Toner v. Commissioner,76 T.C. 217, 222 (1981), affd. by unpublished order (3d Cir., Jan. 21, 1982). Thus, such cost does not fall within the category of recoverable costs within the meaning of rule 39(e), Federal Rules of Appellate Procedure↩.