**Andrew CHANG, Plaintiff,**

v.

**CITY OF ALBANY, Defendant.**

No. 91–CV–1028.

United States District Court,
N.D. New York.

Feb. 8, 1994.

Stephen P. Rehfuss, Albany, NY.

Christine Kirwin Krackeler, Albany, NY.

### ORDER

McAVOY, Chief Judge.

The defendant, City of Albany, requests that costs be taxed to plaintiff, Andrew Chang in relation to the trial and appeal of this action. Defendant brings this request pursuant to Fed.R.Civ.P. 54(d) which allows taxation of costs in the district court. Defendant seeks costs associated with the service of a subpoena connected with the trial in the amount of $147, and seeks costs for portions of the trial transcript which were to be used on appeal in the amount of $2,786. However, the parties have since stipulated to discontinue the appeal.

Under Rule 39 of the Federal Rules of Appellate Procedure, the cost of a reporter's transcript prepared for purposes of an appeal is taxable in the district court. *Waterman Steamship Corp. v. Gay Cottons,* 419 F.2d 372, 373 (9th Cir.1969). Rule 39(a) F.R.App.P. provides the distribution of costs between the parties to an appeal if the judgment of the district court is affirmed, reversed, or dismissed by the Court of Appeals. Rule 39 does not discuss the allocation of costs in cases, such as this where the parties stipulate to the discontinuance of the appeal.

The rules for such stipulations of discontinuance in the Court of Appeals are elaborated at F.R.App.P. 42(b) which states

that the agreement to dismiss between the parties shall specify the terms as to payment of costs. It appears that in this case the parties did not specify who would pay for the trial transcripts in their stipulation to discontinue the appeal, and thus the defendant has sought to apply F.R.App.P. 39 to determine the cost allocation. However, as noted above, Rule 39 can only be applied if there has been a judgment or dismissal by the Court of Appeals. Thus, Rule 39 cannot be applied to this case.

Furthermore, the cost of service of the subpoena requested here cannot be granted because, generally, no fee may be taxed for a person who is subpoenaed but does not testify at trial. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d. § 2678. Because in this case the individual for whom subpoena costs are sought did not testify at trial, no fee may be taxed.

Therefore, upon the affidavit and exhibits submitted by Stephen P. Rehfuss, Esq. and the affidavit in opposition by Christine Kirwin Krackeler, Esq. and after due deliberation thereon, it is hereby

**ORDERED** that the plaintiff/appellant, Andrew Chang, divide equally with the defendant/appellee, the City of Albany, the costs of the trial transcript requested for purposes of Mr. Chang's appeal to the Second Circuit Court of Appeals in this action, and it is further

**ORDERED** that the request for taxation of subpoena costs in the amount of $147 is denied.