**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marcos CRUZ–MENDOZA, Defendant–Appellant.**

No. 97–15918.

United States Court of Appeals, Ninth Circuit.

Dec. 31, 1998.

Before: SCHROEDER, FARRIS and TASHIMA, Circuit Judges.

The opinion filed on June 23, 1998, 147 F.3d 1069, is amended by deleting that portion of the opinion commencing with the first complete paragraph, right-hand column, 147 F.3d at 1074 (slip op. at 6383), commencing with second line from bottom of page, and continuing to the end of the opinion, 147 F.3d at 1075 (slip op. at 8385); and substituting in its place the following:

To clarify how these cases should be dealt with, we recently adopted Ninth Circuit Rule 22–1, which provides, in part, as follows:

> If the district court denies a certificate of appealability in part, the court of appeals will not consider uncertified issues unless the petitioner first seeks, and the court of appeals grants, broader certification. Petitioners desiring broader certification must file, in the court of appeals, a separate motion for broader certification, along with a statement of reasons why a certificate should be granted as to any issue(s) within thirty-five days of the district court's entry of its order denying a certificate of appealability. Respondent may file an opposition within thirty-five days of the date petitioner's motion is served....

Ninth Cir. R. 22–1(d).

We need not decide whether this rule should be applied to this case, which had been argued and initially decided before the rule's adoption. For even if we were to examine the uncertified issue, we would conclude that Cruz has not made the substantial showing required by § 2253(c)(2) that he has been denied a constitutional right.[8] The issue of the district court's refusal to depart downward was fully addressed on direct appeal.[9] Finding that

---

**8.** We need not decide the exact contours of the "substantial showing" standard of § 2253(c)(2), *see, e.g., Greenawalt v. Stewart*, 105 F.3d 1268, 1272–73 (9th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 794, 136 L.Ed.2d 735 (1997); *Nevius v. Sumner*, 105 F.3d 453, 458 (9th Cir.1996), because Cruz cannot meet even a most generous reading of it.

**9.** On direct appeal, the issue was cast in a slightly different form. There, Cruz contended that the district court did not exercise its discretion, although the disposition does not tell us what reason, if any, Cruz attributed as the asserted reason for the court's failure to exercise its discretion. *See Angulo–Ruiz*, 1992 WL 320963, at *5. On this motion, Cruz contends that the district court's refusal to depart downward was based on a misapprehension of the law that it could not depart if the departure would create a disparity of sentencing among co-defendants. Not only is this an argument that could have been, but was not, made on direct appeal; it also appears to be foreclosed by the finding on direct

the district court's decision not to depart downward was an exercise of its discretion, we concluded in accordance with established law that we had no jurisdiction to review it. *United States v. Angulo–Ruiz,* 1992 WL 320963, at *5 (9th Cir.1992). In light of this record, Cruz could not make a "substantial showing of the denial of a constitutional right." Accordingly, since no separate request for a COA was made, and we would deny such a request in any event, we do not reach the merits of this claim.

### CONCLUSION

Cruz has not shown prejudice on his ineffective assistance of counsel claim and his claim that the district court misapplied the Guidelines is meritless. Since no COA was issued on it, we do not reach the merits of Cruz's downward departure claim.

**AFFIRMED.**

With these amendments, the panel has voted to deny the petition for rehearing. Judges Schroeder and Tashima have voted to reject the suggestion for rehearing en banc and Judge Farris so recommends.

The full court has been advised of the suggestion for rehearing en banc and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App. P. 35(b).

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.

appeal that the district judge "was aware that he could exercise his discretion to depart downward and made a considered decision not to." *Id.*