**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ruben ZUNO–ARCE, Defendant–Appellant.**

**No. 98–56770.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2000.

Filed April 19, 2000.

Amended April 10, 2001.

Kenneth M. Miller, Law Office of Kenneth M. Miller, Santa Ana, California, for the defendant-appellant.

Lawrence Ng, Assistant United States Attorney, Criminal Division, Los Angeles, California, for the plaintiff-appellee.

Appeal from the United States District Court for the Central District of California; Edward Rafeedie, District Judge, Presiding. D.C. Nos. CV–98–02930–ER, CR–87–00422–ER.

Before: BROWNING, GOODWIN, and GRABER, Circuit Judges.

### ORDER

The opinion in *United States v. Zuno Arce*, 209 F.3d 1095 (9th Cir.2000), decided on April 19, 2000, is amended to include the attached dissent.

JAMES R. BROWNING, Circuit Judge, dissenting:

I respectfully dissent from Parts I and II. The members of the panel agree that new rules of appellate procedure apply to pending appeals only to the extent their application is just and practicable. *See, e.g.,* Order of April 23, 1996, West Federal Civil Judicial Procedure and Rules 442 (1999).[1] That standard is not met here. Zuno–Arce's certificate of appealability (COA) was partially denied more than 35 days before Circuit Rule 22–1(d) took effect. It was therefore not "practicable" for him to comply with the express terms of the new rule. To require him to do so would be "unjust." As Circuit Rule 22–1(d) did not apply to his pending case, Zuno–Arce correctly relied on the old rule from *Cruz–Mendoza I. See Solis v. Garcia,* 219 F.3d 922 (9th Cir.2000) (per curiam) (treating petitioner's briefing of uncertified issues as a request to expand the COA

---

1. The majority's reliance on *Volkswagenwerk Aktiengesellschaft v. Church,* 413 F.2d 1126 (9th Cir.1969), is misplaced. In that case, we *declined* to apply a new procedural rule to a

pending appeal where the party, relying on the previous rule, filed an exception to the cost bill one day late. We applied the previous rule "to avoid injustice." *Id.* at 1127–28.

where COA partially denied more than 35 days before Rule's effective date).[2]

Whether Zuno–Arce should nonetheless have attempted to "substantially comply" with the new rule by filing a separate motion for broader certification within some court-created "grace period" is a separate question. Since no "grace period" was established in law, this question is governed not by the "just and practicable" standard, but by the "actual notice" rule of Fed.R.App.P. 47(b). Under Rule 47(b), "No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local circuit rules unless the alleged violator has been furnished in the particular case with *actual notice* of the requirement." Fed.R.App.P. 47(b) (emphasis added).

No requirement exists in federal law, federal rules, or the local circuit rules that petitioners whose COAs were partially denied more than 35 days before Circuit Rule 22–1(d)'s effective date must file a motion to expand their COA within a specified "grace period." Indeed, Circuit Rule 22–1(d), the only federal or circuit rule to impose a 35–day filing period for expanding COAs,[3] is silent on its applicability to pending cases. Neither is there any general rule, recognized by circuit or federal rule, that litigants who can not practicably comply with a filing period established by a local procedural rule that became effective while their appeals were pending must nonetheless substantially comply with the new rule within a judicially-prescribed "grace period." [4] If the majority desires such a rule, it should propose an amendment to the Circuit Rules Committee to supercede the actual notice rule of Fed.R.App.P. 47(b).

No such rule is prescribed by circuit caselaw. *Cruz–Mendoza II*, 163 F.3d 1149

---

**2.** Although *Solis* did not discuss Circuit Rule 22–1(d), supplemental briefing on the rule's applicability to the pending appeal was ordered and considered by the panel. The panel necessarily determined Rule 22–1(d) did not apply.

**3.** The Federal Rules of Appellate Procedure permit the courts of appeals to consider the notice of appeal as a direct request to expand the COA. *See* Fed.R.App.P. 22(b) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."); *see also Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ("[T]he Court of Appeals should have treated the notice of appeal as an application for a COA."); *Solis v. Garcia*, 219 F.3d 922 (9th Cir.2000) ("Consistent with *Slack*, we treat petitioner's brief on uncertified issues in this appeal as a request to expand the COA issued by the district court.").

**4.** Analogy to the *Beeler* period is misplaced. Different standards apply to procedure imposed by statute and local rule. While a judicially-crafted "grace period" is clearly appropriate with regard to *statutory* time limits,

*see Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283 (9th Cir.1997); *Jones v. United States*, 121 F.3d 1327 (9th Cir.1997), it is not appropriate with regard to *local rules* where a party loses rights because it reasonably construed a local rule in a way the court of appeals ultimately rejected. *See* Fed.R.App.P. 47(a)(2) ("A local rule imposing a requirement of form must not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.").

The reasonableness of Zuno–Arce's interpretation of Circuit Rule 22–1(d) is underscored by *Mathis v. Ducharme*, 1999 WL 273419, 1999 U.S.App.LEXIS 5186, at 2 (9th Cir. Mar. 22, 1999) (unpublished), in which a panel of this court held that the new rule *"only applies to appeals filed after 1/1/1999,"* the rule's effective date. *Id.* ("Ninth Circuit Rule 22–1(d) now requires petitioners desiring a broader certification to file a separate motion. This new rule, however, only applies to appeals filed after 1/1/1999."). A Ninth Circuit panel also declined to apply Rule 22–1(d) in a case procedurally identical to this case in *Solis v. Garcia*, 219 F.3d 922 (9th Cir.2000).

(9th Cir.1998), merely replaced a sentence from *Cruz–Mendoza I,* 147 F.3d 1069, 1074 (9th Cir.1998), with the text of Circuit Rule 22–1(d); it provided no analysis nor did it address the rule's applicability to pending cases. *Hiivala v. Wood,* 195 F.3d 1098 (9th Cir.1999), is similarly unhelpful: it did not even involve Circuit Rule 22–1(d) or its mandatory 35–day filing period.[5] The majority's attempt to establish these cases as triggering events for Rule 22–1(d)'s 35–day filing deadline must fail under Fed. R.App.P. 47(b).

Fed.R.App.P. 47(b) allows us to apply Circuit Rule 22–1(d) to Zuno–Arce only if he was furnished with "actual notice" of the proposed requirement. Zuno–Arce was not given such notice.[6]

Because federal law imposes no trigger date for application of Rule 22–1(d)'s 35–day filing period to pending cases and because Zuno–Arce did not have "actual notice" that any such date would be applied in his case, Fed.R.App.P. 47(b) prohibits the panel from imposing a new procedural requirement on Zuno–Arce that works a disadvantage to him. To do so would be to sanction Zuno–Arce for failing

to predict how a Circuit Rule, with no instructions for litigants regarding its applicability to pending cases and with whose terms it was impracticable to comply, would ultimately be construed by this court. Such a result is inconsistent with the "just and practicable" rule and Fed. R.App.P. 47(b).

Consistent with *Solis,* the briefing of uncertified issues in Zuno–Arce's appeal should be treated as a request to expand his partial COA. I respectfully dissent.

---

5. As Hiivala's request for a COA was denied *in full* by the district court, his appeal would have been controlled by Circuit Rule 22–1(c), which imposes no filing deadline nor motion requirement. In fact, even the suggestion that Circuit Rule 22–1 might apply to Hiivala (or that Hiivala actually "complied" with it) was clearly erroneous, as all relevant events and full briefing by both parties occurred before January 1, 1999, the Rule's effective date. Rather, Hiivala, like Zuno–Arce, relied on Fed.R.App.P. 22(b).

6. The majority suggests Zuno–Arce "knew" of the 35–day requirement "at the latest" on September 9, 1999, when he filed his opening brief, because he mentions the rule, and on December 20, 1999, when he filed a motion to expand his COA in reliance on *Hiivala.* Plainly, knowledge of the rule, which is silent on its applicability to pending cases, does not provide actual notice that the rule will be

applied to pending cases that fail the "just and practicable" test. Moreover, even assuming *Hiivala* provided actual notice that Rule 22–1(d) would be applied to cases in which COAs were partially denied more than 35 days before the rule's effective date, *Hiivala* was not published until *after* Zuno–Arce filed his opening brief. It would be unreasonable to find Zuno–Arce had such notice until the Government filed its response brief on December 6, 1999, in which *Hiivala* was raised for the first time. Once Zuno–Arce was put on notice of *Hiivala,* he filed a motion to expand his COA within 14 days.

Zuno–Arce never "argued," as the majority suggests, that any event "triggered" the 35–day filing period under Rule 22–1(d)—e.g., appointment of counsel, publication date of *Hiivala.* To the contrary, he at all times insisted that Rule 22–1(d) did not apply to his case and thus there was no need to apply any 35–day grace period.