**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tony Darvis CALHOUN, Defendant–
Appellant.**

No. 00–35909.

D.C. No. CR–97–00061–1–FVS.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM **

Federal prisoner Tony Darvis Calhoun appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct the 188–month sentence imposed following his guilty plea convictions for distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We have jurisdiction under 28 U.S.C. § 2253(c), and we affirm.[1]

A district court's decision to deny a 28 U.S.C. § 2255 motion is reviewed de novo. *United States v. Cruz–Mendoza*, 147 F.3d 1069, 1071–72 (9th Cir.), *amended*, 163 F.3d 1149 (9th Cir.1998). A claim of ineffective assistance of counsel is a mixed question of law and fact that is also reviewed de novo. *Id.* at 1072.

Calhoun contends that the government engaged in misrepresentation and breached the plea agreement, and that both the government and the court violated his due process rights by permitting a career offender enhancement that increased his sentence beyond the guideline range of 84–105 months incarceration recommended in the plea agreement. These contentions lack merit. The plea agreement pursuant to which Calhoun pleaded guilty was an 11(e)(1)(B) plea agreement that unambiguously stated it was only a sentence recommendation and was not binding on the court. *See* Fed.R.Crim.P. 11(e)(1)(B); *see also United States v. Graibe*, 946 F.2d 1428, 1432 (9th Cir.1991). Furthermore, Calhoun chose to not withdraw his plea and to proceed with sentencing even after the court advised him of the increased sentence range under the Career Offender guidelines and gave him the opportunity to withdraw his guilty plea.

Lastly, Calhoun contends that he was denied effective assistance of counsel because his attorney failed to investigate his prior convictions and determine whether they qualified him for the career offender enhancement prior to advising Calhoun to accept the plea offer. This contention also lacks merit. Calhoun fails to demonstrate prejudice given the fact that he declined to withdraw his plea even after being advised that he was subject to the enhancement. *See Cruz–Mendoza*, 147 F.3d at 1702 (holding that even assuming unreasonable performance by counsel, petitioner not entitled to relief where prejudice cannot be shown by counsel's errors).[2]

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We reject the government's contention that the notice of appeal was untimely because it was not filed within 30 days after the district court's order denying relief. *See* Fed. R.App. P. 4(a)(1)(B)(60 days for appeal when United States is a party).

2. We decline to review Calhoun's contention that counsel was ineffective for failing to object to the sentence enhancement under 21 U.S.C. § 851, because the district court did not grant a COA on this issue and Calhoun did not file a motion for broader certification

in this court. *See* 9th Cir. R. 22–1(d); *United States v. Christakis,* 238 F.3d 1164, 1168 n. 5 (9th Cir.2001).

