**Manuel T. MEDINA, Sr., Petitioner–Appellant,**

v.

**Len CHASTAIN, Warden, Respondent–Appellee.**

No. 97–17284.

D.C. No. CV–89–00369–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 15, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Manuel T. Medina, Sr., appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction in California state court for committing by force a lewd act upon a child under the age of fourteen. We have

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

The issue certified for appeal is whether Medina received constitutionally ineffective assistance of counsel at trial.[1] Medina has made numerous allegations of deficient performance of counsel, which relate primarily to shortcomings in investigating, discovering and presenting evidence that, Medina argues, would have impeached the prosecution's main witnesses, the victim and her mother. Medina's counsel, however, did impeach those witnesses with many inconsistencies in their testimony, as well as with their potential for bias against Medina. The other impeachment evidence described by Medina would have done little to further discredit these witnesses. We therefore conclude that, even if the alleged evidence exists and even if counsel's alleged failure to adequately investigate and present this evidence was deficient performance, there is no reasonable probability that this evidence would have affected the verdict. *See e.g. Turner v. Calderon,* 281 F.3d 851, 875–76 (9th Cir. 2002) (concluding that petitioner did not receive constitutionally ineffective assistance of counsel where his attorney did not present cumulative testimony regarding defendant's drug use).

To the extent that Medina raises other claims of ineffective assistance of counsel, we similarly conclude that he has failed to demonstrate prejudice to his defense. The district court therefore properly denied the petition. *See Strickland v. Washington,* 466 U.S. 668, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that denial of ineffective assistance of counsel claim is proper where petitioner has failed to dem-

onstrate that there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's alleged deficient performance); 28 U.S.C. § 2254(a) (providing that writ may be issued only if prisoner is in custody in violation of the Constitution or laws of the United States).

**AFFIRMED.**

---

1. We do not consider those issues raised in Medina's brief that were not certified for appeal because he has failed to make a substantial showing of the denial of a constitutional right as to those issues. *See United States v.*

*Cruz–Mendoza,* 163 F.3d 1149, 1149–50 (9th Cir.1998).

