SNA, INC. and Silva Enterprises
Limited, Plaintiffs,

v.

Paul ARRAY, et al., Defendants.

Richard F. Silva and SNA,
Inc., Plaintiffs,

v.

Douglas Karlsen, a/k/a Douglas
Jaworski t/a Turbine Design
Inc., Defendant.

Nos. 97–7158, 97–3793.

United States District Court,
E.D. Pennsylvania.

Nov. 5, 2001.

Terry Elizabeth Silva, Silva, Miller and Associates, Philadelphia, PA, Deborah B. Miller, Law Office of Deborah B. Miller, P.C., Philadelphia, PA, Kenneth J. Benton, Silva & Associates, Philadelphia, PA, for Plaintiff.

Martin A. Pedata, Palm Harbor, FL, Tracy Oandasan, Woodston, NJ, Richard F. Klineburger, III, Philadelphia, PA, for Defendants.

### *MEMORANDUM AND ORDER*

KATZ, Senior District Judge.

Plaintiffs in the above-captioned case brought suit before this court alleging that defendants were liable for breach of contracts, defamation and commercial disparagement, trademark and trade dress infringement, unfair competition, interference with contractual relations and prospective business relations, and civil conspiracy. In a bench trial, plaintiffs prevailed against the defendants on their breach of contract, civil conspiracy, and defamation claims. Plaintiffs also prevailed against defendants for trademark infringement, and defendants were permanently enjoined from meta tagging plaintiffs' trademark. Now before the court is plaintiffs' petition for attorney's fees and costs. For the reasons set forth below, the plaintiffs are entitled to a total of $295,133.89 for attorney's fees and costs.

*I. Discussion*

A. Attorney's Fees

The Third Circuit set forth the appropriate standard for determining at-

torney's fees in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) (*Lindy I*), and *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator and Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir.1976) (en banc) (*Lindy II*). In order to determine an appropriate attorney's fee, courts calculate a "lodestar" amount by multiplying a reasonable hourly rate by the number of hours reasonably expended on successful claims. *Lindy I*, 487 F.2d at 167–68. When a party does not prevail on all claims, the fee is based on the hours reasonably expended on the successful claims. *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The fee applicant has the burden of showing that the claimed rates and number of hours are reasonable. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 564, 106 S.Ct. 3088, 92 L.Ed.2d 439 (3d Cir.1993).

■ Plaintiffs seek attorney's fees under section 35(a) of the Lanham Act. 15 U.S.C. § 1117. Under this section, the prevailing party in a trademark infringement action is entitled to recover reasonable attorney's fees in "exceptional cases." *Id.* According to the Third Circuit, an exceptional case exists where there is "culpable conduct on the part of the losing party, such as bad faith, fraud, malice, or knowing infringement...." *Ferrero U.S.A. v. Ozak Trading, Inc.*, 952 F.2d 44, 47 (3d Cir.1991). Defendants argue that *Ferrero* requires both culpable conduct by the losing party *and* pecuniary loss in order for a plaintiff to recover a fee award. However, the Third Circuit recently affirmed a district court's award of attorney's fees under section 35(a) of the Lanham Act even though the prevailing party suffered no monetary damages. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273 (3d Cir.2000). In permanent-ly enjoining defendants' meta tagging of the seawind trademark, this court ruled that defendants' actions were a "bad faith effort to confuse internet users...." *SNA, Inc. v. Array*, 51 F.Supp. 2nd 554, 563 (E.D.Pa.1999). The court finds that defendants' culpable conduct qualifies this case as exceptional under section 35(a) of the Lanham Act. Therefore, plaintiffs are entitled to attorney's fees for their trademark infringement claim.

■ Plaintiffs also seek attorney's fees for their breach of contract claim. The contracts between plaintiffs and defendants allowed for recovery of attorney's fees in the event of breach. *See* Pls.'s Mot. for Att'y Fees, Ex. 1, 2. These contract provisions are enforceable under Pennsylvania law. *Krueger Assoc., Inc. v. ADT Sec. Sys.*, No. 93–1040, 2000 WL 10394, at *2 (E.D.Pa. Jan. 5, 2000) (quoting *Nationwide Energy Corp. v. Kleiser*, No. 84–3517, 1987 WL 10655, at *2–3 (E.D.Pa. May 7, 1987)). Therefore, plaintiffs are also entitled to attorney's fees for their breach of contract claim.

1. Reasonable Rate

■ Plaintiffs request an hourly rate of $190. A reasonable hourly rate is determined according to the prevailing market rates in the relevant community. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir.2001). In calculating this rate, a court should assess the experience and skill of the prevailing party's attorney and compare her rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir.2001). The prevailing party bears the burden of establishing by way of satisfactory evidence, in addition to the attorney's own affidavits, that the requested hourly rates meet this standard. *Maldonado v. Hous-*

*toun,* 256 F.3d 181, 184 (3d Cir.2001). Plaintiffs' counsel has over fifteen years of experience. Pls.'s Mem. in Support of Mot. for Att'y Fees at 6. Plaintiffs submitted an affidavit from an attorney with similar experience in the community who attests to the reasonableness of the $190 rate. Pls.'s Mot. for Att'y Fees, Ex. 4. Furthermore, defendants do not challenge this hourly rate as excessive. Therefore, based on its experience managing the litigation, the court finds that an hourly rate of $190 is reasonable and in accord with rates charged by other attorneys performing similar work.

### 2. Reasonable Number of Hours

In determining whether the hours claimed are reasonable, a district court "should review the time charged, decide whether the hours claimed were reasonably expended for each of the particular purposes described, and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Public Int. Research Group of N.J., Inc. v. Windall,* 51 F.3d 1179, 1188 (3d Cir.1995) (internal citation omitted). The court "should reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed." *Loughner,* 260 F.3d at 178. The party opposing the fee award has the burden of challenging, with specificity, the reasonableness of the attorney's fee. *Id.* Furthermore, the court may not reduce an award based on factors not raised by the opposing party. *Id.* (quoting *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990)).

While the court finds that plaintiffs are entitled to attorney's fees for their successful claims, the court agrees with defendants that the hours are excessive. Plaintiffs request fees for 2021.77 hours totaling $384,136.30.[1] This court agrees with defendants that plaintiffs have failed to carry their burden in proving the reasonableness of all the hours claimed. On many occasions, plaintiffs' counsel, Ms. Silva, billed her client over 24 hours a day. On August 28, 1997, Ms. Silva billed 38.4 hours. Pls.'s Mem. in support of Mot. for Att'y Fees, Ex. 3. On September 2, 1997, Ms. Silva billed 33.1 hours. On October 27, 1997, Ms. Silva billed 38.4 hours. *Id.* In fact, Ms. Silva billed 39.5 hours for May 17, 1999, 27.3 hours for May 23, 1999, 37.2 hours for May 24, 1999, 29.2 hours for May 25, 1999, 31.9 hours for May 29, 1999, 24.3 hours for May 30, 1999, and 38.2 hours for June 1, 1999. *Id.* Ms. Silva explains that her firm employed a primitive computer software program, and that other attorneys used her log-on when working on the case. Pls.'s Reply Mem. to Defs.'s Objections to Pls.'s Mot. for Att'y Fees at 6–7. Therefore, even though the billing records appear to be excessive, the records simply reflect the labor of *all* the attorneys who worked on the case at Ms. Silva's firm. However, plaintiffs failed to distinguish between the work performed by Ms. Silva and the work performed by attorneys with less experience. Since plaintiffs failed to establish that all the attorneys who worked on these days have the same experience and skill as Ms. Silva, the court will exclude these hours from the total claimed. Therefore, the total numbers of hours claimed should first be reduced by 337.5 hours for a total of 1684.27.

---

**1.** Plaintiffs' counsel initially submitted fees for 2074.77 hours totaling $394,206.30. Pls.'s Mem. in Support of Mot. for Att'y Fees, Ex.

3,. However, plaintiffs' counsel withdrew 53 hours of duplicate billing. Support of Fee Petition, Ex. A.

Defendants also argue that Ms. Silva is not entitled to attorney's fees for those claims that were unsuccessful. After comparing counsel's billings to her client with the request submitted to this court, it is apparent that plaintiffs' attorney is attempting to charge defendant for all her time on this case, not simply the time attributable to those parts of the case for which she may recover a fee. The court finds that plaintiffs may not recover for the unrelated, unsuccessful claims of interference with contractual relations, interference with prospective business relations and commercial disparagement. Furthermore, the court finds that plaintiffs' may not recover a fee award for their successful civil conspiracy and defamation claims. *See Restatement (Second) of Torts* § 914(1) ("The damages in a tort action do not ordinarily include compensation for attorney fees or other expenses of the litigation."). Based on this court's experience in managing the litigation and reviewing the appellate record, a reasonable number of hours spent to litigate those claims for which a fee may be recovered is 1122.85, which is two-thirds of the reduced total. Therefore, the plaintiffs are entitled to recover $213,341.50 in attorney's fees.

### B. Costs

#### 1. Expert Witness Fees

In addition to attorney's fees, plaintiffs have also petitioned the court for $95,675.89 in costs. Defendants object to the $6,068.50 expert witness fees paid to Alex Sluzas of Paul & Paul and $4,350.00 paid to the Center for Forensic Economic Studies. Under 28 U.S.C.A. § 1821(b), witnesses are entitled to a $40 attendance fee. The Supreme Court has ruled that,

"a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory language to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 439, 107 S.Ct. 2494, 96 L.Ed.2d 385(1987). The Lanham Act does not explicitly provide for the award of expert witness fees. *See e.g., Nugget Distributors Co-op. of America v. Mr. Nugget, Inc.,* 145 F.R.D. 54 (E.D.Pa.1992). However, in the Third Circuit a district court has equitable discretion to award expert witness fees above the statutory amount if "the expert's testimony is indispensable to determination of the case." *See West Virginia University Hospitals v. Casey,* 885 F.2d 11, 33 (3d Cir.1989). The court finds that the testimony of Mr. Sluzas and the forensic CPA were not indispensable to the determination of the case; therefore, plaintiffs are not entitled to reimbursement for these expenses.[2]

#### 2. Transcripts

Defendant's challenge plaintiffs request for $12,507.00 reimbursement for the cost of transcripts. A prevailing party may recover fees "for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendants argue that plaintiff's failed to prove that these copies were necessary. Under the Federal Rules of Appellate Procedure, a district court may tax transcripts as costs if they are "needed to determine the appeal." Fed. R.App. P. 39(e). The court finds that plaintiffs are entitled to recover the costs of the trial transcripts because they were necessary for the appellate phase of the case. However, there is a duplicate charge of $3,465.00 dated July 26, 1999, that will be

---

**2.** While 28 U.S.C.A. § 1821 allows for attendance fees and travel expenses for witnesses, plaintiffs have not submitted documentation establishing the number of hours these witnesses testified in depositions and at trial or their travel expenses. Therefore, the plaintiffs have failed to meet their burden in proving costs with respect to these witnesses.

subtracted from the total costs. Pls.'s Mem. in Support of Mot. for Att'y Fees, Ex. 3.

### 3. Travel Costs

 Defendants argue that the plaintiffs are not entitled to recover travel costs to and from depositions. Under the Lanham Act, plaintiffs are entitled to recover the "costs of the action." 15 U.S.C.A § 1117(a). These costs may include travel expenses to and from depositions. *See JTH Tax, Inc. v. H & R Block Eastern Tax Services,* 128 F.Supp.2d 926, 947 (E.D.Va.2001). The court finds that plaintiffs are entitled to reimbursement for deposition travel expenses.

### II. Conclusion

Plaintiffs are entitled to recover $213,341.50 in attorney's fees and $81,792.39 in costs.