## CHOICE HOTELS INTERNATIONAL, INC., Plaintiff,

v.

### Suresh C. KAUSHIK, et al., Defendants.

### No. Civ.A. 99–T–1250–N.

United States District Court, M.D. Alabama, Northern Division.

May 20, 2002.

waives this as a basis for denial of citizenship as DeLuca satisfies those requirements at this time.

Joseph Lister Hubbard, Barbara J. Wells, Capell Howard PC, Montgomery, AL, for Plaintiff.

Suresh C. Kaushik, Montgomery, AL, Pro se.

Roianne Houlton Conner, Law Office of Roianne Houlton Conner, Montgomery, AL, for Defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

This case is currently before the court on plaintiff Choice Hotels International, Inc.'s motion, filed on September 5, 2001, to review and strike clerk's taxation of appellate costs. The issue presented is whether the appellate cost sought by defendant Suresh C. Kaushik pursuant to Fed.R.App.P. 39(e) for an extra copy of the trial transcript should be allowed. For the reasons below, the court will allow the cost, and the motion will be denied.

## I. BACKGROUND

October 19, 1999: Choice Hotels, the owner of several national hotel chains including the Econo Lodge Motels, filed this lawsuit, asserting several claims of unfair trade practices arising under federal and state law against defendants Kaushik and AlaSouth, Inc. Choice Hotels raised two Lanham Act claims at trial: infringement of its service marks under 15 U.S.C. § 1114 and infringement of trade dress under 15 U.S.C. § 1125(a)(1)(A). It also raised common-law service-mark-infringement and unfair-competition claims under the laws of Alabama. Choice Hotels properly invoked the jurisdiction of this court for its federal claims under 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question) and § 1338 (trademark claims), and pursuant to 28 U.S.C. § 1367(a) for supplemental jurisdiction over the state-law claims.

October 16–18, 2000: The court held a bench trial.

November 27, 2000: Based on the evidence presented, the court found that Choice Hotels had not established its

claims under federal or state law, and entered a final judgment in favor of the defendants. *Choice Hotels International, Inc. v. Kaushik*, 147 F.Supp.2d 1242 (M.D.Ala.2000).

December 27, 2000: Choice Hotels filed a notice of appeal.

January 29, 2001: This court taxed $ 1,184.98 against Choice Hotels for pre-appeal costs incurred by Kaushik as a result of the trial.

May 24, 2001: In an unpublished decision, the Eleventh Circuit Court of Appeals affirmed the November 2000 final judgment of this court. *Choice Hotels International v. Kaushik*, 260 F.3d 627 (11th Cir.2001) (table).

June 28, 2001: The Eleventh Circuit taxed $ 79.71 against Choice Hotels for appellate costs incurred by Kaushik.

June 29, 2001: The Eleventh Circuit issued its mandate returning the case to this court.

July 2, 2001: The appellate mandate was received in this court.

July 31, 2001: Pursuant to the appellate mandate, this court entered an order confirming the appellate affirmance and continuing the November 2000 final judgment in full force and effect.

August 30, 2001: Kaushik filed a post-appeal cost bill in this court seeking to have this court tax $ 423.75 against Choice Hotels for appellate expenses he incurred in obtaining a copy of the trial transcript.

September 5, 2001: Choice Hotels filed a motion to review and strike Kaushik's cost bill. The motion challenges the timeliness of the cost bill and the propriety of the particular cost claimed.

## II. TIMELINESS OF APPELLATE COST BILL

Federal Rule of Appellate Procedure 39 provides for the taxation of appellate costs in both the appellate and the district courts. Subpart (d) of the rule provides for taxation in the appellate court, and subpart (e) provides for taxation in the district court. Subpart (e), the relevant provision here, provides:

"(e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

(1) the preparation and transmission of the record;

(2) *the reporter's transcript, if needed to determine the appeal;*

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal."

Fed.R.App.P. 39(e) (emphasis added).[1] Therefore, according to subpart (e)(2), the

---

1. Subpart (d) of Rule 39 provides:

"(d) Bill of Costs: Objections; Insertion in Mandate.

(1) A party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk, with proof of service, an itemized and verified bill of costs.

(2) Objections must be filed within 10 days after service of the bill of costs, unless the court extends the time.

(3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the

mandate issues before costs are finally determined, the district clerk must—upon the circuit clerk's request—add the statement of costs, or any amendment of it, to the mandate."

Fed.R.App.P. 39(d). Pursuant to 11th Cir. Rule 39–1, costs for copies of briefs, record excerpts or appendix, and certain statutes, rules, and regulations are generally allowed and taxable in the appellate court. These appellate costs are, of course, different from the appellate costs allowed by subpart (e) of Rule 39 and taxable in the district court. Indeed, On June 28, 2001, at Kaushik's request, the Eleventh Circuit taxed $ 79.71

cost of the trial transcript may be directly taxed in the district court under certain circumstances.[2] One of the novel questions presented in this cost dispute is whether, despite the fact that Rule 39 contains no time limit on when a subpart (e) appellate cost bill may be filed in the district court, there still is one.[3]

Choice Hotels contends that a time limit does exist, pointing to the Middle District of Alabama's Local Rule 54.1(a), which provides:

> "(a) *Costs.* Requests for taxation of costs (other than attorneys' fees) under Fed.R.Civ.P. 54(d) shall be filed with the Clerk within 30 days after entry of final judgment from which an appeal may be taken. Failure to file within this time period will be deemed a waiver."

M.D.Ala.L.R. 54.1(a). Federal Rule of Civil Procedure 54(d), in turn, provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

Choice Hotels contends that, because Kaushik's cost bill was not filed within 30 days of this court's November 2000 final judgment, the cost bill was not timely filed under Local Rule 54.1(a). Kaushik responds that he met Local Rule 54.1(a)'s time requirement because he filed his cost bill on August 30, 2001, less than 30 days after the court's order of July 31, 2001, confirming the appellate court's decision and continuing the November 2000 judgment in full force and effect.

The court believes that both Choice Hotels and Kaushik misinterpret and misapply Local Rule 54.1(a). Simply put, this local rule does not cover appellate cost bills. Rather, as indicated by its clear language, the local rule is fundamentally and, indeed, exclusively concerned with those cost bills filed immediately after trial for the costs of trial. First, the rule unequivocally provides that the cost bill must be filed "within 30 days after entry of final judgment from which an appeal may be taken." Second, Local Rule 54.1(a) provides for "taxation of costs ... under Fed. R.Civ.P. 54(d)," which, in conjunction with Federal Rule of Civil Procedure 54(a), allows for taxation trial cost in favor of the prevailing party after entry of "a decree and any order from which an appeal lies." Appellate costs are taxed pursuant to Rule 39(e), not Rule 54.

The construction of Local Rule 54.1(a) urged by Choice Hotels, requiring that appellate cost bills be filed within 30 days of the entry of final judgment by the trial court, is not only not provided for in the rule's plain language, the construction is illogical and unworkable, for it would essentially preclude a prevailing appellate party from obtaining any of his appellate costs in the district court. Because, if Local Rule 54.1(a) applied, the prevailing appellate party would be limited to 30 days after the initial trial court judgment to file an appellate cost bill, that party would be essentially without an opportunity to de-

---

against Choice Hotels pursuant to subpart (d) of Rule 39.

**2.** In its motion to review and strike, Choice Hotels argues that "There is no federal rule of civil procedure, nor any local rule in this District, providing for the taxation of costs incurred *on appeal*, whether necessary or not." Given Choice Hotels's recognition of Fed.R.App.P. 39(e), this is·a strange and illogical statement. Clearly, appellate cost may be directly taxed in the district court by way of

Rule 39(e). However, to the extent that Choice Hotels is attempting to say that the applicable rules give little guidance as to the process by which these appellate cost bills are to be resolved in the district courts, this court would agree.

**3.** In contrast with subpart (e) (which provides for taxation of appellate costs in the district court), subpart (d) (which provides for taxation in the appellate court) contains a 14–day limitation. *See supra* note 1.

termine his appellate costs and then file a timely appellate cost bill. Given that a losing trial party (other than when the United States or its officer or agent is a party) has 30 days after final judgment is entered in which to appeal, Fed.R.App.P. 4(a)(1), the prevailing appellate party would have to file his appellate cost bill before he even knew whether the losing trial party had decided to appeal; before he had any serious ability to discern how extensive the appeal will be and what expenses will be necessary; and, most importantly, before the appellate court had even determined that he had prevailed and was thus entitled to appellate costs. The court rejects this construction of Local Rule 54.1(a). *See, e.g.,* 16A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3985.1, at 672–73 (appeal costs are taxable in the district court based on separate application to district court after appellate mandate is received).

Kaushik's construction of Local Rule 54.1(a) suffers from a similar tendency to stretch the language of the rule past its natural and feasible contours. His proposal, to measure the 30–day period from the district court's July 2001 entry of an order confirming the appellate court's mandate, directly contradicts the plain language of the local rule, which requires that the cost bill be filed within 30 days of a "final judgment from which an appeal may be taken." The order entered by this court on July 31, 2001, was in no sense a "final judgment," for its effect was merely to continue in full force and effect the "final judgment of this court made and entered herein on November 27, 2000." Nor was the order in any sense "appealable," for a

direct appeal of the final judgment in this case had already occurred.[4]

Having considered and rejected the applicability of Local Rule 54.1(a)'s time limit on the filing of Kaushik's appellate cost bill, the court turns to the remaining question of whether there is *any* time limit on filing a Rule 39(e) appellate cost bill in district court. At least one court, the Fifth Circuit Court of Appeals, has suggested in dicta that absent some limiting provision in the appellate court's mandate, district courts have no discretion as to "whether, when, to what extent, or to which party to award costs of the appeal. In taxing the costs on appeal, its sole responsibility is to ensure that only proper costs are awarded." *In re Sioux Ltd. Securities Litigation,* 1991 WL 182578, at *1 (5th Cir. March 4, 1991). This understanding of Rule 39(e) is reinforced by the language in subpart (d) of Rule 39, which provides for a 14–day period for taxation of appellate costs in the appellate court (as opposed to the district court).[5] If the drafters of the Federal Rules of Appellate Procedure had wanted to set a time limit on Rule 39(e) taxation of appellate costs they would have done so as they did in Rule 39(d).

This is not to say that there is no time limit on Rule 39(e) taxations, and that a party has forever to seek such; after all, litigation must eventually come to an end. This question the court need not answer at this time. For, assuming that there is room for a practical and equitable principle to be at play and that a prevailing appellate party must file a Rule 39(e) bill within a reasonable time or, at least, should not wait to a point in time when the opposing

---

**4.** Also, marking the 30–day period from the filing of the appellate court's mandate in the district court is implausible. Again, Local Rule 54.1(a) contemplates only cost bills bought under Federal Rule of Civil Procedure 54(d), not Federal Rule of Appellate Procedure 39.

**5.** *See supra* note 1.

party would be unfairly disadvantaged, this principle has not been violated here. In this case, Kaushik's cost bill was filed approximately two months after the appellate court mandate and less than one month following this court's order confirming receipt of the mandate. Absent some extraordinary circumstances not present here, that time period is not sufficient to constitute an unreasonably long delay.

Therefore, Kaushik's appellate cost bill is specifically authorized under Fed. R.App.P. 39(e), and his appellate cost bill has not contravened any time limit.

## III. PROPRIETY OF APPELLATE COST

Choice Hotels argues next that, under the circumstance presented by Kaushik, federal statutes and rules do not authorize, or allow, the recovery of cost for a copy of a transcript.

First and foremost, it is apparent that Rule 39(e) does not authorize the taxation of any and all transcripts that a party may want to use on appeal. Rule 39(e) provides for the taxation of "the reporter's transcript" and only "if needed to determine the appeal."

█ Kaushik seeks to recover the cost for a copy of the trial transcript, in addition to the one Choice Hotels ordered as part of the record on appeal. He says that, after the trial, he found himself in search of legal representation for the appeal and it was necessary for him to have ready access to the trial transcript, rather than abstract access to an original in the file or a copy in the hands of the opposition. But more importantly, he argues that the attorney he was ultimately able to retain needed the transcript copy because Choice Hotels' appeal went to whether the district court's findings were supported by the evidence; in other words, the copy was crucial because the trial transcript became

an integral component of the appeal and of the preparation for that appeal.

Rule 39(e) provides for recovery of cost only if the transcript is "needed to determine the appeal." To be sure, it could be argued that the use of the verb "determine" indicates that the transcript covered by Rule 39(e) is the one used by the appellate court in its deliberations concerning the appeal—that is, the transcript created to perfect the record for appeal, and not any extra copies of the transcript used by the parties in preparing the appeal. This reading of Rule 39(e) is also reinforced by the language in 28 U.S.C. § 1920. Section 1920 provides for the post-trial taxation of the "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Section 1920's language ("necessarily obtained for use in the case") is arguably broader than Rule 39(e)'s ("needed to determine the appeal"). If the drafters of Rule 39(e), it can be further argued, had intended its reach to be that of § 1920(2), they could have adopted § 1920(2)'s language, but they did not.

█ The court, however, finds more compelling the argument that copies of the transcript used by the parties in preparation of their appeal are, just as much as the one actually submitted to and used by the appellate court, "needed to determine the appeal." *See Volkswagenwerk Aktiengesellschaft v. Church*, 413 F.2d 1126, 1128 (9th Cir.1969) ("The cost of procuring a copy of the reporter's transcript for the use of counsel is a necessary cost within the meaning of Rule 39(e)."). In addition, Rule 39(e)'s advisory committee notes offer the following explanation for adoption of the rule: "Taxation of the reporter's transcript is specifically authorized by 20 U.S.C.A. § 1920, but in the absence of a rule some district courts have held them-

selves without authority to tax the costs." This commentary suggests that the drafters intended Rule 39(e) to supplement or incorporate the general standard under § 1920 for taxing transcript costs during litigation. *See SNA, Inc. v. Array*, 173 F.Supp.2d 347, 352 (E.D.Pa.2001) (equating § 1920(2)'s standard for taxing transcript cost with Rule 39(e)'s).

The court, therefore, believes that Rule 39(e) should be read, at least, as broadly as § 1920(2). And, applying this reading of Rule 39(e), the court concludes that Kaushik should recover his transcript cost. As stated, the attorney Kaushik was ultimately able to retain needed the transcript copy because Choice Hotels' appeal went to whether the district court's findings were supported by the evidence. *See, e.g., Bolton v. Tesoro Petroleum Corp.*, 871 F.2d 1266, 1278 (5th Cir.1989) (allowing recovery of costs for four copies of transcripts used by defense attorneys at trial.)

## IV. CONCLUSION

Therefore, Kaushik's post-appeal cost bill is timely, and he may recover the cost of the copy of the trial transcript his lawyer used in pursuing the appeal of this lawsuit.

Accordingly, it is ORDERED that the motion to strike clerk's taxation of costs, filed by plaintiff Choice Hotels International, Inc., on September 5, 2001 (Doc. no. 126), is denied.